IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DARON RAY BARNETT**                                                                                                **PLAINTIFF**

V.                                        CASE NO.  4:22-cv-00306 JM

**MONTICELLO POLICE
DEPARTMENT,** *et al.*                                                                                                **DEFENDANTS**

## ORDER

On April 12, 2022, the Court granted Plaintiff Daron Barnett's motion to proceed *in forma pauperis*, screened his complaint, and requested an amended complaint. (Doc. 3). The Court dismissed Barnett's claims against both the Monticello Police Department and the Drew County Drug Task Force. While the Court determined that Barnett had made plausible excessive force and deliberate-indifference-to-medical-needs claims, it asked him to amend his complaint and specify by name each defendant who deprived him of a constitutional right, explaining how each named defendant's actions personally harmed him. (*Id*. at 5).

Although Barnett timely filed an amended complaint, he has failed to follow the Court's directive to name with specificity who violated his rights. Instead, Barnett reasserts that both the Monticello Police Department and Drew County Drug Task Force failed to protect him. (Doc. 4 at 2). The Court reiterates and stands by its previous ruling that neither of these entities are subject to suit under § 1983. (Doc. 3 at 3) (citing *Nix v. Norman*, 879 F.2d 429, 431-32 (8th Cir. 1989) and *Ketchum v. City of West Memphis, Arkansas*, 974 F.2d 81, 82 (8th Cir. 1992)). Too, liability under § 1983 requires "direct responsibility for the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). Because Barnett fails to name which officer violated his rights, the Court has nothing more than bare allegations in support of his claim. *See Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009). Accordingly, Barnett has failed to state a claim on which relief can be granted.

Barnett's claims are dismissed without prejudice for failure to state a claim upon which relief may be granted. The Court recommends this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g). This Court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an *in forma pauperis* appeal would not be taken in good faith.

IT IS SO ORDERED this 20th day of May, 2022.

_____
UNITED STATES DISTRICT JUDGE